UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 08-22988

EVANSTON INSURANCE COMPANY

Plaintiff,

v.

MILTON CONSTRUCTION COMPANY;
THE MINORCA CONDOMINIUM ASSOCIATION,
INC.; ALHAMBRA GRAND PARTNERS,
HOLDINGS, LLC;

Defendants.
_____/

## ORDER GRANTING SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Evanston Insurance Company's motion for summary judgment (D.E. # 23) filed on July 13, 2009. Defendant Milton Construction Company filed its Response (D.E. # 29) on August 10, 2009. Plaintiff replied on August 20, 2009 (D.E. # 30). The Final Pretrial Conference was held for the above-styled case on September 11, 2009 (D.E. # 32). At the pretrial conference, oral argument was held on the Plaintiff's motion.

### I.    BACKGROUND

Plaintiff's complaint asserts that Plaintiff is entitled to a judgment declaring that it has neither a duty to defend nor indemnify Defendant Milton, asserting defenses to coverage under its policy of insurance. Defendant Milton seeks defense and indemnity for claims for damages brought by Defendant, The Minorca Condominium Association, Inc., arising out of alleged construction defects in its condominium building. After carefully reviewing the pleadings, the record, Plaintiff's motion,

the memoranda of counsel, and the arguments and legal authorities cited therein, it appears that there is no genuine issue of fact, and that Plaintiff's motion is due to be granted as a matter of law.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 645 (11th Cir.1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir.1991) (holding that, to meet its burden, the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); however, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment.

*See id.* at 252, 106 S.Ct. 2505. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249-50, 106 S.Ct. 2505.

### III.   ANALYSIS

Under Florida law,[1] a determination as to the insurer's duty to defend is based on the application of the language of the policy to the facts of the underlying complaint. The Court looks to the entire record to determine the duty to indemnify.

The policy issued by Plaintiff requires that for liability for damages from property damage to be covered, the damage must occur during the policy period. The underlying complaint filed by defendant Minorca alleges that Minorca first observed damage to its building at a time which was more than four months after the expiration of Evanston's policy. Nothing in the record, including an affidavit submitted by Milton in opposition to the motion for summary judgment, creates any issue of fact that any damage occurred during Evanston's policy period. In the absence of any allegations or record evidence that damage occurred during the Evanston policy period, Plaintiff's motion for summary judgment is due to be granted.

Plaintiff has raised additional arguments regarding the applicability of various policy exclusions to the claims for coverage. Since no damage occurred during the policy period, these arguments need not be reached. Plaintiff has also claimed a right to reimbursement of its costs in defending Milton under a reservation of rights. The Court has not ruled on that issue.

### IV.   CONCLUSION

---

[1] In this diversity case, the Court must ascertain and apply the substantive law of Florida in an effort to reach the same result that a Florida court would reach. *See, e.g., James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 n.1 (11th Cir. 2008).

Accordingly, after a careful review of the record and the Court being otherwise fully advised,

it is **ORDERED, ADJUDGED, and DECREED** that Plaintiff's Motion for Summary Judgment

(D.E. #23) be, and the same is hereby, **GRANTED**.  Plaintiff has no duty to either defend or

indemnify Milton with respect to the claims by Minorca which underlie this litigation.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building

and United States Courthouse, Miami, Florida, this 22nd day of September, 2009.

James Lawrence King
Senior United States District Judge

cc:     **_Counsel for Plaintiff_**
        **Louis Schulman**
        Butler Pappas Weihmuller Katz Craig LLp
        777 Harbour Island Blvd.
        Suite 500
        Tampa , FL 33602

        **Rebecca C. Appelbaum**
        Butler Pappas Weihmuller Katz Craig
        777 S Harbour Island Boulevard
        One Harbour Place Suite 500
        Tampa , FL 33602

cc:     **_Counsel for Defendants_**
        **Joseph A. Miles**
        Siegfried Rivera Lerner De La Torre & Sobel
        201 Alhambra Circle
        Suite 1102
        Coral Gables , FL 33134

4

**Howard Jay Hollander**
Ted H Bartelstone PA
9100 S Dadeland Boulevard
Suite 1500 One Datran Center
Miami , FL 33156-7816

**Ted H. Bartelstone**
Ted H Bartelstone PA
9200 S Dadeland Boulevard
Suite 208
Miami , FL 33156